**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| A.B., a minor | * | |
| by her parents and next friends, | | |
| C.B. and K.O. | * | |
| | | |
| and | * | |
| | | |
| C.B. and K.O., Individually, and on | * | |
| behalf of A.B. | | |
| | * | |
| Plaintiffs, | | |
| | * | Civil Action No.: |
| v. | | |
| | * | |
| THE BALTIMORE CITY BOARD | | |
| OF SCHOOL COMMISSIONERS | * | |
| 200 E. North Avenue, Room 406 | | |
| Baltimore, MD 21202 | * | |
| Serve on: Board Chair, Shanaysha Sauls | | |
| | * | |
| and | | |
| | * | |
| Dr. Gregory E. Thornton | | |
| Chief Executive Officer | * | |
| Baltimore City Public Schools | | |
| 200 E. North Avenue, Room 405 | * | |
| Baltimore, MD 21202 | | |
| | * | |
| and | | |
| | * | |
| Dr. Kim Hoffman | | |
| Executive Director, Special Education | * | |
| Baltimore City Public Schools | | |
| 200 E. North Avenue, Room 204 | * | |
| Baltimore, MD 21202 | | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiffs, by and through their attorneys, Mark B. Martin and Jennifer Falter, and The Law Offices of Mark B. Martin, P.A., and respectfully unto this Honorable Court state as follows:

1. This is a civil action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* and 34 Code of Federal Regulations (CFR), §§ 300.1 *et seq.*; the Education Article, Maryland Annotated Code §§ 8-401 *et seq.* and the Code of Maryland Regulations (COMAR) §§ 13A.05.01 *et seq.*; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and 42 U.S.C. § 1983. Plaintiffs, individually and on behalf of their daughter, A.B. file this action as a result of the failure of the Defendants, the Baltimore City Board of School Commissioner's ("Board" or "BCPSS") and their agency Baltimore City Public School System ( "BCPSS") to offer A.B. a free appropriate public education ("FAPE") for the summer of 2014 and the 2014-2015 school year. As such, K.O and C.B. seek a judgment affirming that BCPSS failed to offer A.B. a FAPE for the summer of 2014 and the 2014-2015 school year due to both procedural and substantive violations of the IDEA and state education law.

2. This is also a civil action for a preliminary injunction to enjoin the Defendants from continuing to violate the procedural safeguards by failing to comply with the 'stay-put' provision of the IDEA, by failing to maintain the student in her current educational placement. Plaintiffs are requesting a preliminary injunction that BCPSS must comply with the procedural requirements of the IDEA and do all things necessary to effectuate the 'stay-put' mandate and maintain A.B.'s current educational placement at St. Elizabeth School

("SES") by resuming direct responsibility for payment of tuition, costs and expenses to SES during the pendency of these proceedings.

3. Plaintiffs reserve their right to amend this complaint at the conclusion of the administrative hearing on the merits of the underlying due process complaint.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to the Individuals with Disabilities Education Act ("IDEA") as amended in 2004, 20 U.S.C. § 1401 *et seq.*; 34 C.F.R. § 300.1 *et seq.*; 28 U.S.C. § 1331, 42 U.S.C. § 1983; Md. Educ. Code Ann., § 8-401 *et seq.*; and C.O.M.A.R. §13A.05.01, *et seq.*

5. Declaratory relief is authorized by 28 U.S.C §§ 2201 and 2202.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff, A.B, is a now seventeen (17) year old (DOB: 06/04/1997) child with a qualified disability. At all relevant times, she has been, and is now, a resident of Baltimore City, Maryland.

8. Plaintiffs, K.O. and C.B. (hereinafter collectively referred to as the "Plaintiffs" or "Parents") are the next friends and parents of A.B. At all relevant times, they have been and are now, residents of Baltimore City, Maryland. As A.B.'s parents and next friends, the Parents bring this action on A.B.'s behalf and in their own right.

9. Defendant, The Baltimore City Board of School Commissioners, ("Board" or "BCPSS") is an elected body duly authorized and empowered by the authority of the laws of the State of Maryland, to establish, maintain, operate, and administer a system of public schools within Baltimore City, Maryland known as the Baltimore City Public School System.

10. Defendant, BCPSS, receives federal funds pursuant to the IDEA, to ensure access to a free and appropriate education ("FAPE") to all children with disabilities until twenty-one (21) years of age and is obligated to comply with applicable federal regulations and statutes including, but not limited to, the IDEA and state education law.

11. Defendant, BCPSS is a local education agency ("LEA") as defined by 20 U.S.C. § 1401 and as such receives financial assistance from the United States Department of Education and is responsible for providing a free appropriate public education ("FAPE") to disabled students residing in Baltimore City, Maryland.

12. Defendant, Dr. Gregory E. Thornton, is the Chief Executive Officer of the Baltimore City Public School System. As such, and pursuant to lawfully delegated authority, he is responsible for overseeing and administering educational services, including special education services, to all students living within Baltimore City. As Chief Executive Officer, Defendant Thornton is ultimately responsible for ensuring that students with disabilities in the LEA and their parents are treated in compliance with state and federal laws. He is being sued in his official capacity.

13. Defendant, Dr. Kim Hoffman is the Executive Director of the Special Education department within the Academics Office of the Baltimore City Public School System. As such, she is responsible for ensuring that the identified needs of students with disabilities are met and that all appropriate guidelines and regulations are followed. She is being sued in her official capacity.

**FACTUAL ALLEGATIONS**

14. Plaintiff, A.B. is diagnosed with Down Syndrome and she is an individual with a qualified disability within the meaning of all applicable statutes, including the Individuals with

Disabilities Education Act ("IDEA") 20 U.S.C. §§ 1400-1461; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; Md. Educ. Code Ann., § 8-401 *et seq.*

15. A.B. has been identified as eligible for special education and related services under the IDEA by BCPSS as a student with an intellectual disability.

16. In June, 2013, A.B. completed her eighth grade school-year in a general education classroom with accommodations and support at the Midtown Academy, a Baltimore City Public Charter school, which serves students in grades kindergarten through eighth.

17. Due to their disagreement with the IEP and placement offered by BCPSS for A.B.'s transition to high school, the Parents rejected the IEP offered by BCPSS for the 2013-2014 school year and unilaterally placed A.B. at the St. Elizabeth School ("SES"), a state approved, non-public special education school pursuant to 20 U.S.C. § 1412(a)(10)(C); (34 CFR § 300.148).

18. On December 20, 2013, Plaintiffs filed a request for Mediation due to their disagreement with BCPSS regarding their substantive and procedural failures during the IEP process and the Plaintiffs disagreement with the resulting IEP and proposed placement offered by BCPSS for A.B. for the 2013-2014 academic year; A.B's first year of high school.

19. The parties entered into a Mediation agreement dated February 7, 2014, wherein the parties agreed to A.B.'s continued education at SES.

20. Pursuant to the Mediation agreement, BCPSS agreed to reimburse the parents for payments made since September 3, 2013, and to assume direct responsibility for tuition payments for the 2013-2014 school year.

21. In addition to assuming direct responsibility for the cost of placement, BCPSS continued its educational oversight role during the 2013-2014 school year as it would for any other publicly

placed student.

22. In the spring of 2014, BCPSS personnel attended a series of IEP meetings that were convened at SES for the purpose of reviewing and revising A.B.'s IEP for the summer of 2014 through the 2014-2015 school year.

23. At the conclusion of the last IEP meeting held on May 21, 2014, BCPSS offered an inappropriate IEP and recommended an inappropriate change in educational placement for A.B. for the summer of 2014 and for the 2014-2015 school year.

24. During that IEP process in the spring of 2014, BCPSS committed procedural and substantive errors in violation of federal and state education law thus denying A.B. a FAPE for the summer of 2014 and the 2014-2015 school year.

25. In a letter received in undersigned's office on May 29, 2014, BCPSS stated that "City Schools' funding of A.B. to attend the St. Elizabeth's School will cease on June 20, 2014, which is the last day of school for the 2013-2014 school year."

26. On June 20, 2014, BCPSS ceased making any further payments to SES for tuition, costs and expenses.

27. In order to maintain A.B.'s current educational placement, the Parent's began paying for A.B.'s education at SES which began July 7, 2014 and continues through the 2014-2015 school year.

## PROCEDURAL HISTORY

28. On August 7, 2014, Plaintiffs filed a request for a due process hearing with the Maryland Office of Administrative Hearings ("OAH") as a result of the procedural and substantive failures of BCPSS in formulating and offering an IEP and placement for the summer 2014 and the 2014-2015 school year.

29. As a result of the procedural and substantive failures by BCPSS, they ultimately failed to offer A.B. a free appropriate public education ("FAPE") for the 2014 summer and the 2014-2015 school year.

30. The merits of the August 7, 2014, request for a due process hearing are currently being litigated at OAH in *A.B. v. Baltimore City Public School System,* docketed as OAH Case No.: MSDE-CITY-OT-14-27815.

31. As part of the August 7, 2014 due process request, Plaintiffs invoked their right to 'stay-put' and requested that BCPSS maintain A.B.'s current educational placement at SES during the pendency of the current due process proceedings.

32. BCPSS refused to maintain A.B.'s current educational placement at SES.

33. On August 7, 2014, Plaintiffs filed a Motion for Enforcement of Procedural Safeguards in OAH Case No.: MSDE-CITY-OT-14-27815, and requested that Administrative Law Judge Michael W. Burns ("ALJ Burns") issue an Order requiring BCPSS to fund and maintain A.B. in her current educational placement, SES, as her 'stay-put' placement during the pendency of these proceedings.

34. On August 20, 2014, BCPSS filed an Opposition to Plaintiffs Motion for Enforcement of Procedural Safeguards.

35. On September 29, 2014, ALJ Burns conducted a pre-hearing conference and scheduled a Motions hearing for November 3, 2014, to resolve all outstanding motions that had been filed in the case, MSDE-CITY-OT-14-27815.

36. On November 3, 2014, ALJ Burns conducted a Motions hearing and after receiving additional argument he ruled in favor of the parents and Granted their Motion for Enforcement of Procedural Safeguards and determined that pursuant to 28 U.S.C. §1415(j) and 34 C.F.R.

§300.518 that SES is A.B.'s current educational placement.

37. ALJ Burns did not reduce his ruling to a written order, however, the transcript from the hearing states "The motion for procedural safeguards is granted to the extent stay put provision of federal law and regulation is to be enforced….The student gets to stay at SES as appropriate under the stay put provisions." *See, Motions Hearing Transcript pp. 29, line 25 and pp. 30, lines 1-3, attached as Exhibit 1.*

38. On November 5, 2014, Plaintiffs sent a letter to counsel for BCPSS requesting that they "[p]lease confirm by November 12, 2014 that City Schools will comply with the ALJ's decision and resume its responsibility for A.B. by reimbursing the parents for the costs incurred to date for the 2014-2015 school year and assuming any further payments due to SES for A.B.'s current educational placement." *See, Letter to Darnell Henderson from Mark B. Martin, dated November 5, 2014, attached as Exhibit 2.*

39. BCPSS failed to provide any response to the November 5, 2014 letter.

40. On November 21, 2014, Plaintiffs sent another letter to counsel for BCPSS stating that "Judge Burns confirmed the ruling during the due process hearing on November 20, 2014, reiterating the SES is A.B.'s current educational placement." The letter again requested that BCPSS reply regarding their intentions with respect to complying with the procedural safeguards and maintaining A.B.'s placement at SES as determined by ALJ Burns to be her current educational placement for 'stay-put' during the pendency of these proceedings. *See, Letter to Darnell Henderson from Mark B. Martin, dated November 21, 2014, attached as Exhibit 3.*

41. BCPSS responded by letter dated November 29, 2014, stating that "City Schools fully acknowledges that Judge Burns ordered that A.B.'s (hereinafter "AB" or "Student") educational placement is The Saint Elizabeth School (SES) during the pendency of the above

referenced administrative proceeding." *See, Letter to Mark B. Martin from Darnell Henderson dated November 29, 2014, attached as Exhibit 4.*

42. BCPSS then misstates the ALJ's ruling as follows: "Yet, as you are aware Judge Burns reserved ruling on the issue of payment or/and reimbursement for AB at SES." *See, Exhibit 4.*

43. In fact, ALJ Burns did not reserve ruling on the issue of payment but rather he stated that "I made my ruling that the appropriate -- the student gets to stay at SES as appropriate under the stay put provisions. I would expect that Baltimore City would not raise an issue as to paying that." *See, Exhibit 1, p. 30, lines 4-8.*

44. ALJ Burns did not reserve ruling on the issue of payment but rather concluded that he did not have the jurisdiction to *order* BCPSS to pay the tuition for the 2014-2015 school year stating that "I can't grant equity and decide that Baltimore City should pay for this. I can't order that. I'm an Administrative Law Judge. I have the authority to do what I have the authority to do. It's limited. It depends on what my -- what my jurisdiction is. But I sure have jurisdiction to order stay put, and I've done so. Absolutely. Absolutely. This is not a difficult case. And that's my ruling on that." *See, Exhibit 1, pp. 30, lines 24-25 and pp. 31, lines 1-7.*

45. However, Counsel for BCPSS stated in their November 29, 2014 letter that "City Schools will not be rendering any payment for the placement of the Student at SES at this time."

46. As of the date of this filing, BCPSS is failing to comply with the procedural safeguards of the IDEA by failing to do all things necessary to effectuate and maintain A.B.'s 'stay-put'/current educational placement at SES such as paying the tuition, costs and expenses that are due, despite their agreement that the ALJ determined that A.B's current "educational placement is

The Saint Elizabeth School (SES) during the pendency of the above referenced administrative proceeding." *See, Exhibit 4.*

47. By their conduct as alleged herein, defendants are deliberately indifferent to and acted in bad faith, with malice and reckless disregard and gross misjudgment regarding the rights of the parents and the student.

## RELEVANT LAW

### I. IDEA - Individuals with Disabilities Education Act ("IDEA")

48. Once a request for a due process hearing is filed, the IDEA provides that "during the pendency of any proceedings conducted pursuant to this section ... the child shall remain in the then-current educational placement of the child ... until all such proceedings have been completed." 20. U.S.C. § 1415(j).

49. Should the school system eliminate a basic element of the education program, the parent or a student with a disability may invoke the stay-put provision and request a statutory injunction. *See, Johnson v. D.C.*, 839 F. Supp. 2d 173,177 (D.D.C. 20 12)("Once a due process complaint has been filed, a parent can invoke the stay-put provision when the school district proposes a change in the child's 'then-current educational placement.'")

50. The stay-put provision has been interpreted as imposing an automatic statutory injunction, like the automatic stay in bankruptcy. *See,* e.g.*, Honig v. Doe*, 484 U.S. 304, 326 (1988); *Wagner v. Board of Educ. of Montgomery County*, 335 F.3d 297 (4th Cir. 2003); *Bd. of Educ. v. Brett Y*, 959 F.Supp. 705, 709 (D. Md. 1997*); Johnson v. District of Columbia*, 839 F.Supp. 2d 173, 176 (D.D.C. 2012); *Saleh v. District of Columbia*, 660 F.Supp. 212, 215 (D.D.C. 1987); *Casey K. ex rel. Norman K. v. St. Anne Cmty. High Sch. Dist. No. 302*, 400 F.3d 508,

511 (7th Cir. 2005); *King v. Pine Plains Cent. Sch. Dist.*, 918 F.Supp. 772, 783 (S.D.N.Y. 1996).

51. The Fourth Circuit has held that "Section 1415(j) provides simply and unequivocally that the child 'shall remain' in his or her 'then-current education placement' 'during the pendency of any proceedings conducted pursuant to this section.' 20 U.S.C. § 1415(j). The utility of section 1415(j) is thus easily understood. It guarantees an injunction that prohibits a school board from removing the child from his or her current placement during the pendency of the proceedings. The injunction is automatic; the party seeking it need not meet the usual requirements for obtaining preliminary injunctive relief. *See*, *Safety–Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846 (4th Cir.2001)." *Wagner v. Board of Educ. of Montgomery County*, 335 F.3d 297, 301 (4th Cir. 2003).

52. This Court has held that "[w]ithout interim financial support, a parent's 'choice' to have his child remain in what the state has determined to be an appropriate private [sic] placement amounts to no choice at all." *Board of Educ. of Montgomery County v. Brett Y.,* 959 F.Supp. 705, 711 (D.Md.1997).

53. Circuit Courts have held that "It is undisputed that once there is state agreement with respect to the pendent placement, a fortiori, financial responsibility on the part of the local school district follows." *Susquenita Sch. Dist. v. Raelee S.*, 96 F.3d 78, 83-84 (3d Cir.1996).

54. The IDEA provides that "[n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 *et seq.*], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 *et seq.*], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is

also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." 20 U.S.C. § 1415(l).

## II. Section 504 of the Rehabilitation Act

55. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ..." 29 U.S.C. § 794(a).

56. "[E]ither bad faith or gross misjudgment must be shown before a Section 504 violation can be made out...." *Monahan v. Nebraska*, 687 F.2d 1164, 1170-71 (8th Cir.1982).

## III.     42 U.S.C. § 1983

57. Section 1983 creates a cause of action for any person who is deprived of any right, privilege, or immunity secured by the United States Constitution or federal law under color or authority of law.

58. A corporation, such as the Baltimore City Public School system, may be liable under § 1983 if the governmental body subjects a person to a deprivation of rights or causes a person to be subjected to such a deprivation, i.e. - the violation is pursuant to official corporate policy. *Connick v. Thompson*, 131 S. Ct. 1350, 1359; see also *Hinson ex rel. N.H. v. Merritt Educ.*, 521 F. Supp. 2d 22, 28 (D.D.C. 2007). A corporation can be held liable for a single decision which results in an illegal deprivation if that decision is made by an individual who "may fairly be said to represent official policy." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (l986).

59. While something more than a mere failure to provide a FAPE must be shown, *Lunceford v. D.C Bd. of Educ.*, 745 F.2d 1577, 1580 (D.C. Cir. 1984), an action under § 1983 may be based upon violations of certain procedural safeguards of the IDEA. 20 U.S.C. § 1415; *Walker v. District of Columbia,* 969 F. Supp. 794, 797 (D.D.C. 1997*); Zearley v. Ackerman*, 116 F. Supp. 2d 109, 114 (D.D.C. 2000); *Johnson v. District of Columbia*, 190 F. Supp. 2d 34, 46-47 (D.D.C. 2002).

60. Section 1983 "suppl[ies] the right of action to a plaintiff who has been denied procedural safeguards under Section 1415[of the Education of the Handicapped Act, the predecessor of the IDEA] and who, as a result thereof, has not received the findings and decision following the impartial due process administrative hearing contemplated by Section 1415." *Conway v. Bd. of Educ. of Northport–East Northport Sch. Dist.*, No. 13 Civ. 5283, 2014 WL 3828383, at *15 (E.D.N.Y. Aug.1, 2014), *quoting Quackenbush v. Johnson City Sch. Dist.*, 716 F.2d 141 (2d Cir.1983).

61. The United States Constitution mandates that no person shall "be deprived of life, liberty, or property without due process of law." U.S. CONST. amend. V.

## COUNT I

**Plaintiffs First Claim for Relief: Deprivation of Plaintiffs Right to a Free Appropriate Public Education without Due Process of Law**

62. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

63. Defendants committed multiple procedural errors during the IEP process in the spring of 2014 resulting in a substantive failure to provide A.B. with a FAPE for the summer of 2014 and for the 2014-2015 academic school year.

64. The IEP and placement offered by BCPSS at the conclusion of the IEP process in the spring of 2014 substantively failed to offer A.B. a FAPE by failing to provide an educational program that would provide her with meaningful educational benefits.

65. Defendants have and continue to violate A.B. rights to the procedural safeguards of the IDEA thereby denying her a FAPE.

66. Defendants have violated Plaintiff A.B.'s right to a FAPE as a result of their actions.

## COUNT II

### Plaintiffs Second Claim of Relief:
### Violation of the IDEA's Stay-Put Provision

67. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

68. Pursuant to the procedural safeguards of the Individuals with Disabilities Education Act ("IDEA"), local educational agencies must maintain the student's current educational placement during a dispute as follows: "During the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then current educational placement of such child." 20 U.S.C. § 1415(j).

69. ALJ Burns, a hearing officer appointed pursuant to 20 U.S.C. § 1415(f), ruled on November 3, 2014, ruled that SES is A.B.'s current educational placement as contemplated by the IDEA's procedural safeguards.

70. Baltimore City Public School System ("BCPSS") has, and is continuing, to violate federal law by refusing to do all things necessary to effectuate and maintain A.B. in her current educational placement, SES, as mandated by IDEA's procedural safeguards 'stay put' provision.

71. Having filed a request for a due process hearing and ALJ Burns' order that SES is A.B.'s current educational placement, A.B. is entitled to an automatic preliminary injunction under the IDEA's stay-put provision ordering BCPSS to immediately do all things necessary to effectuate and maintain A.B.'s placement at SES such as resume payment of tuition, expenses and costs to SES.

72. BCPSS is obligated to reimburse Plaintiff's for all tuition, expenses and costs incurred by them beginning on August 7, 2014 when they legally invoked their stay put rights.

## COUNT III

### Plaintiffs Third Claim of Relief:
### Violation of Section 504 of the Rehabilitation Act

73. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

74. Defendants have engaged in retaliatory conduct toward A.B. and her parents, for asserting her rights under federal law.

75. Plaintiff requests damages, in an amount to be determined at trial, for such actions under the Act, 42 U.S.C. §1983 and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IV

### Plaintiffs Fourth Claim of Relief:
### Damages Under 42 U.S.C. section 1983

76. All previous allegations, as necessary to support this cause of action, are incorporated into this cause of action by reference as if set forth in full.

77. Defendants have refused to comply with the procedural safeguards of the IDEA and maintain A.B. at SES even though the issue regarding A.B.'s current educational placement has been determined by ALJ Burns to be SES.

78. Defendants' deliberate interference, bad faith and gross misjudgment with respect to their refusal to comply with the procedural safeguards guaranteed by Congress for the purpose of depriving A.B. of special education services necessary to provide her with free appropriate public education constitute the deprivation of a right guaranteed under federal law within the meaning of Section 1983.

79. Defendants have acted with deliberate indifference, bad faith and gross misjudgment by refusing to comply with the procedural safeguards of the IDEA and maintaining A.B.'s current educational placement.

80. Defendants violated Section 1983 by directly and proximately causing the deprivation of A.B.'s constitutional rights by systematically depriving Plaintiffs of their rights under the IDEA.

81. Defendants have acted with deliberate indifference, bad faith and gross misjudgment with respect to A.B's legal rights pursuant to Federal and State education law.

82. As a direct and proximate cause of Defendants' acts, plaintiffs have suffered and continue to suffer severe and grievous mental and emotional suffering, worry, fear, anguish, anxiety, humiliation, intimidation, stigma, and other injuries that they will continue to suffer permanently.

83. Plaintiffs request damages, in an amount to be determined at trial, for such actions under the Act, 42 U.S.C. §1983 and reasonable attorney's fees pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiffs, A.B., individually, and K.O. and C.B. individually and as the parents and next friends of a minor, A.B., respectfully request that this Honorable Court issue judgment in favor of the Plaintiffs and against Defendants and Plaintiff prays for the following relief:

1. Grant Plaintiffs accompanying motion for preliminary injunction and order BCPSS to do all things necessary to effectuate and maintain A.B's current educational placement at the SES such as immediately resuming direct responsibility for the SES tuition during the pendency of these proceedings;

2. Order Defendants to reimburse Plaintiffs for all tuition and expenses paid from the date the Plaintiffs legally invoked their procedural rights pursuant to the IDEA by invoking A.B's right to "stay-put" on August 7, 2014;

3. Order that BCPSS has denied A.B. a FAPE commencing July 7, 2014 through the 2014-2015 school year;

4. Order reimbursement to the Parents for tuition and related costs for A.B.'s attendance at SES from July 7, 2014 through the 2014-2015 school year;

5. Award One Hundred Thousand Dollars ($100,000.00) in compensatory damages;

6. Award Plaintiff's attorney fees and costs of this action; and

7. Award any other relief that the Court deems just and proper.

Respectfully submitted,

_____/s/_____
Mark B. Martin, Fed. Bar No. 11688
Jennifer A. Falter, Fed. Bar No. 27350
Law Offices of Mark B. Martin, P.A.
One N. Charles Street, Suite 1215
Baltimore, Maryland  21201
T: (410) 779-7770
F: (410) 576-9391
mmartin@markmartinlaw.com
jfalter@markmartinlaw.com
*Counsel for Plaintiffs*

December 10, 2014