IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

A.B. et al.                             *
                                        *
v.                                      *    Civil Action No. WMN-14-3851
                                        *
THE BALTIMORE CITY BOARD                *
OF SCHOOL COMMISSIONERS et al.          *
                                        *

* * * * * * * * * * * * * * * *

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Relief from Order. ECF No. 28. The motion is fully briefed. Upon review of the papers filed and the relevant case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion should be denied. The relevant factual and procedural background follows.[1]

This case was brought in this Court pursuant to, inter alia, the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1482. A.B. is a 17-year-old student diagnosed with Down Syndrome. On February 4, 2015, this Court issued a memorandum and order granting Plaintiffs' motion for a preliminary injunction and requiring the Baltimore City Public School System (BCPSS) to maintain A.B.'s placement at the St. Elizabeth School at BCPSS's expense through the remainder of the

---

[1] The factual and procedural background of this action is more fully presented in this Court's previous memorandum, ECF No. 17, and will not be fully repeated here.

2014-2015 school year.  ECF No. 17.  The Court concluded that its decision was mandated by a previous decision of Administrative Law Judge Michael Burns (ALJ Burns) which he delivered from the bench on November 3, 2014.  In that ruling, ALJ Burns granted Plaintiffs' "Motion for Enforcement of Procedural Safeguards" and held that St. Elizabeth was A.B.'s "stay put" educational placement for the 2014-2015 school year. In opposing the motion for preliminary injunction in this Court, Defendants argued strenuously that the ALJ's "'order to stay' is not an 'order to pay.'"  ECF No. 13-1 at 1.  The Court rejected that argument, concluding that Defendants' proposed reading of the ALJ Burns' ruling essentially rendered it a nullity.  The Court noted, "[b]efore [ALJ Burns'] ruling, A.B. was attending St. Elizabeth at her parents' expense and, after his ruling, A.B. could continue to attend St. Elizabeth at her parents' expense.  If the decision was to have no effect, why would Plaintiffs have bothered to file the motion?; why would BCPSS have bothered to oppose it?; and, why would the ALJ have bothered to issue his decision?"  ECF No. 17 at 9.

When the Court issued its February 4, 2015, Memorandum and Order, it had been provided with only a brief portion of the transcript of the November 3, 2014, proceeding before ALJ Burns, and the Court had none of the underlying briefing on the Motion to Enforce Procedural Safeguards.  The full administrative

record has now been provided to the Court, including the full briefing of that motion and the transcript of the hearing. See ECF No. 33. While the ALJ's decision is not as concise and definitive as it could be and the ALJ may have misunderstood the scope of his authority to order payment of A.B.'s tuition at St. Elizabeth, it is clear from reviewing the record below that the parties understood that what was at issue was an "order to pay" and not just an "order to stay."

As the specific relief sought in their Motion to Enforce Procedural Safeguards, Plaintiffs asked ALJ Burns to "[i]ssue an order requiring BCPSS to fund and maintain [A.B.] in her current educational placement, [St. Elizabeth], as her stay put placement during the pendency of these proceedings." Mot. To Enforce at 2. Opposing the motion in their briefing and at the hearing, Defendants consistently argued that BCPSS had no obligation to make prospective payments of tuition on the basis that St. Elizabeth was not A.B.'s "current educational placement." See Opp'n to Motion at 13 ("[St. Elizabeth] cannot be the stay put placement"). Instead, they insisted that A.B.'s current educational placement was a public separate day school. See id. at 11; Surreply at 4. Defendants clearly understood that, in Plaintiffs' motion, they were arguing that St. Elizabeth was the current educational placement and that, on that basis, they were seeking prospective payment of tuition at

3

St. Elizabeth.  See id. at 9 ("Parents seek to have the [ALJ] order tuition payment for their unilateral placement of [A.B.] at [St. Elizabeth] prior to any administrative hearing or finding."); Surreply at 2 ("Petitioners, through their Motion, are merely attempting to have [BCPSS] prospectively pay for placement at St. Elizabeth").

It is undisputed that ALJ Burns granted Plaintiffs' motion and determined that St. Elizabeth was A.B.'s stay put placement for the current school year.  In reaching that decision, the ALJ understood that he was making a determination of current educational placement under 34 C.F.R. § 300.518 which might turn out to be different than his determination of the ultimate merits of Plaintiffs' due process challenge.  See 11/3/14 Tr. at 12 (stating "it is very clear to this Administrative Law Judge what 300.518 says and why it is there");[2] see also, id. at 25 (Plaintiffs' counsel acknowledging that "we could be correct in our stay put summation and be wrong on the ultimate merits.  But the issue goes to what the current educational placement is.").

---

[2] This language is prefaced by this comment from the ALJ, "I'm having difficulty ruling on the motion without going into the merits of the motion.  It's very difficult to do.  But I'll simply say this, which I think is appropriate at this time, it is very clear to this Administrative Law Judge what 300.518 says and why it's there."  Id. (emphasis added).  While this language is somewhat imprecise, from the context it is clear that he is distinguishing between his ruling on the stay put determination and his ultimate decision on the merits of the due process proceedings.

4

While opposing the preliminary injunction motion in this Court, Defendants acknowledged that the ALJ's November 3, 2014, ruling was a "'stay-put' order" mandating that A.B. was to remain at St. Elizabeth until there is a decision on the merits of Plaintiffs' due process complaint. ECF No. 13-1 at 3. In opposing the preliminary injunction motion, Defendants also stopped short of explicitly arguing that the ALJ's determination of current educational placement was wrongly decided. Instead, as noted above, they simply argued it had no real effect.

On March 20, 2015, the ALJ issued his "finding on the merits." ECF No. 28-1. In that decision, he concluded that the proposed IEP placing A.B. in a public separate day school for the 2014-2015 school year would have provided her with a free appropriate public education (FAPE) in the least restrictive environment. The ALJ also ordered that "the Parents' request for continued placement at St. Elizabeth School at the expense of [BCPSS] is hereby DENIED." Id. at 124. In the background portion of his decision, the ALJ mentioned in passing that, in the November 3, 2014, hearing, he had "granted the Motion for Enforcement – to the extent that the Student was ordered to remain at her current placement, [St. Elizabeth] – on the record." Id. at 3. He made no other reference to his stay put order, nor did he indicate awareness that this Court had ordered BCPSS to cover A.B.'s tuition on the basis of his previous

5

ruling.  In their Motion for Relief from Order, Defendants now argue that, in light of ALJ Burns' finding on the merits, continued enforcement of this Court's preliminary injunction order would be inequitable and "detrimental to the public interest."  ECF No. 37 at 7.

Judge Frederick Motz of this Court recently addressed a similar argument in a similar procedural context.  S.T. v. Howard Cnty. Pub. Sch. Sys., Civ. No. 14-701, 2014 WL 4798979 (D. Md. Sept. 25, 2014).  In S.T., like here, the ALJ made a preliminary determination that the student's stay put placement during the pendency of proceedings was the private school that the student was then attending.  Several months later, after a multiday hearing on the merits, the ALJ determined that the public school setting that the student's IEP team had determined was an appropriate placement would provide the student with a FAPE.  Id. at *2.  Notwithstanding that finding on the merits by the ALJ, Judge Motz held that the student would remain during the pendency of the review of the ALJ's findings at the private school he was attending at the school district's expense.  Id. at *4.  Balancing the disruption to the student's education that would be caused by moving the student to the new placement against the financial costs imposed on the school system by leaving him in the private placement, Judge Motz concluded that the balance of equities tipped in favor of the student and his

parents. Id. at *6. Despite the ALJ's determination that the new public placement would provide the student with a FAPE, Judge Motz also concluded that public policy "weigh[ed] strongly against" moving the student, in light of the IDEA's strong presumption in favor of maintaining the status quo. Id. at *7.

For similar reasons, the Court will deny Defendants' motion for relief from the preliminary injunction order. While denying that motion, the Court notes that the scope of the preliminary injunction order was expressly limited to the remainder of the 2014-2015 school year, ECF No. 17 at 11, which, by this point, is nearly over. This limitation is consistent with the ruling of ALJ Burns that this Court was implementing. See 11/3/14 Tr. at 31-32 (specifying that "stay put means the school year"). While Plaintiffs suggest in their opposition to Defendants' current motion that the order's reach should extend throughout any judicial proceedings here, before the Fourth Circuit, and even through any subsequent review by the Supreme Court, ECF No. 30 at 6, the Court seriously questions that the reach of the ALJ's limited stay put ruling on which Plaintiffs based their preliminary injunction motion can be extended any further than the end of this school year.[3] That issue, however, is not before

---

[3] In S.T., Judge Motz extended the reach of the stay put order through this Court's review of the ALJ's findings. 2014 WL 4798979, at *4. The undersigned notes that, unlike the instant

the Court as Plaintiffs did not challenge the limitation included by the Court in its preliminary injunction order.[4]

Accordingly, IT IS this 9th day of June, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That Defendants' Motion for Relief from Order, ECF No. 28, is DENIED; and

(2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to all counsel of record.

```
                     _____/s/_____
                     William M. Nickerson
                     Senior United States District Judge
```

---

action, the ALJ's stay put determination that Judge Motz was implementing was not limited to a specific school year. See S.T. v. Howard Cnty. Pub. Sch. Sys., Civ. No. 14-701, ECF No. 16-1 (ALJ's Ruling on Motion in S.T.). Furthermore, also unlike the instant action, the ALJ in S.T. was ordering a stay put consistent with the student's last IEP. Id. at 6. The Sixth Circuit has recently held that for a placement to be designated as a stay put, it must, at some point, have been approved in an IEP. N.W. ex rel. J.W. v. Boone Cnty. Bd. of Educ., 763 F.3d 611, 617 (6th Cir. 2014). In the S.T. decision, Judge Motz left open the possibility that, should he rule in favor of the school board on summary judgment, he would entertain other motions as to where the student's placement should be should the parents appeal that decision. 2014 WL 4798979, at *4 n.5.

[4] Plaintiffs were certainly aware of the limited scope of this Court's order, as they summarized the order as "confirm[ing] A.B.'s current educational placement at the St. Elizabeth School" and "requir[ing] BCPSS to maintain that placement at their expense through the remainder of the 2014-2015 school year." ECF No. 30 at 1 (emphasis added).